Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  Jackson Hospital & Clinic, Inc.

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  63-6001820

**4. Debtor's address**

Principal place of business:
1725 Pine Street
Montgomery, AL 36106
Number, Street, City, State & ZIP Code

Montgomery
County

Mailing address, if different from principal place of business

P.O. Box, Number, Street, City, State & ZIP Code

Location of principal assets, if different from principal place of business

Number, Street, City, State & ZIP Code

**5. Debtor's website (URL)**  https://www.jackson.org/

**6. Type of debtor**
■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

| Debtor | Jackson Hospital & Clinic, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

- ■ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☐ None of the above

B. *Check all that apply*

- ■ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__6221__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ■ No.
- ☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | | Case number | |

| Debtor | Jackson Hospital & Clinic, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____ Relationship _____
District _____ When _____ Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
  Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
       Contact name _____
       Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49           ☐ 1,000-5,000       ☐ 25,001-50,000
☐ 50-99          ☐ 5001-10,000       ☐ 50,001-100,000
☐ 100-199        ☐ 10,001-25,000     ☐ More than 100,000
■ 200-999

**15. Estimated Assets**

☐ $0 - $50,000              ☐ $1,000,001 - $10 million      ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000        ☐ $10,000,001 - $50 million     ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million    ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million     ■ $100,000,001 - $500 million   ☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000              ☐ $1,000,001 - $10 million      ☐ $500,000,001 - $1 billion

Debtor **Jackson Hospital & Clinic, Inc.**　　　　　　　　　　　　　　　　　Case number (*if known*)
　　　Name

- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ■ $100,000,001 - $500 million
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| Debtor | Jackson Hospital & Clinic, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **February 3, 2025**
MM / DD / YYYY

X **/s/ Allen Wilen**
Signature of authorized representative of debtor

**Allen Wilen**
Printed name

Title **Chief Restructuring Officer**

**18. Signature of attorney**

X **/s/ Derek F. Meek**
Signature of attorney for debtor

Date **February 3, 2025**
MM / DD / YYYY

**Derek F. Meek**
Printed name

**Burr & Forman LLP**
Firm name

**420 North 20th Street, Suite 3400**
**Birmingham, AL 35203**
Number, Street, City, State & ZIP Code

Contact phone **(205) 251-3000**   Email address **dmeek@burr.com**

**ASB-4255-C52D AL**
Bar number and State

STATE OF ALABAMA    )
                    :
MONTGOMERY COUNTY )

# CERTIFIED COPY
# OF
# RESOLUTION OF
# BOARD OF DIRECTORS
# JACKSON HOSPITAL & CLINIC, INC.

The undersigned Secretary of **Jackson Hospital & Clinic, Inc.,** an Alabama non-profit corporation, hereby certifies that the Board of Directors of the aforesaid corporation approved the attached resolution on February 2, 2025, and that the resolution has not been amended or revoked and is in full force and effect.

IN WITNESS WHEREOF, I have hereunto subscribed my signature and affixed the seal of this Corporation, this 3rd day of February, 2025.

JACKSON HOSPITAL & CLINIC, INC.

By: _____
W. Ken Upchurch, III
Its Secretary

(S E A L)

# RESOLUTION OF
# BOARD OF DIRECTORS OF
# JACKSON HOSPITAL & CLINIC, INC.
February 2, 2025

**WHEREAS**, Jackson Hospital & Clinic, Inc. (the "Corporation") is a nonprofit corporation organized and operating under the laws of the State of Alabama.

**WHEREAS**, the Board of Directors (the "Board") of the Corporation previously designated certain members of the Board (the "Strategic Advisory Group") who, with input from management and the Corporation's advisors, would investigate, consider, evaluate, and negotiate strategic and/or financial alternatives for the Corporation, including the possibilities of seeking alternative financing, or undertaking an affiliation, sale, restructuring, reorganization, or other recapitalization transaction and related financing involving the Corporation and/or one or more of its direct and indirect subsidiaries, and taking certain other actions with respect thereto;

**WHEREAS**, the Strategic Advisory Group reviewed the performance and results of the Corporation, the market in which the Corporation operates, its current and future liquidity needs, its business prospects, and its current and long-term liabilities;

**WHEREAS**, the Strategic Advisory Group reviewed the materials presented by its financial, legal, and other advisors and engaged in numerous and extensive discussions (including, without limitation, with its management and such advisors) regarding, and has had the opportunity to fully consider, the Corporation's financial condition, including its liabilities and liquidity position, the strategic alternatives available to it, and the impact of the foregoing on the Corporation's businesses and operations;

**WHEREAS**, the Advisory Group, in consultation with the Corporation's management and its financial, legal, and other advisors, determined that it was in the best interests of the Corporation to explore a potential affiliation and/or sale to one or more potential strategic partners (the "Affiliation Transaction"); and

**WHEREAS**, the expected strategic benefits of the Affiliation Transaction never materialized, and the Affiliation Transaction was terminated in August 2024;

**WHEREAS**, following the unwinding of the Affiliation Transaction, the Board retained Allen Wilen of Eisner Advisory Group LLC to serve as Chief Restructuring Officer ("CRO");

**WHEREAS**, on February 2, 2025, the Board, in consultation with the CRO and Corporation's financial, legal, and other advisors, and in consideration of all the applicable facts and circumstances determined that it is desirable and in the best interests of the Corporation and the communities and patients that it serves, as well as the Corporation's creditors, employees, and other parties in interest, that the Corporation file or cause to be filed a voluntary petition seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 *et seq.* (the "Bankruptcy Code").

I.  **Chapter 11 Case**

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors, and other parties in interest, that the Corporation shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief under the provisions of Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Alabama (the "Bankruptcy Court").

**RESOLVED FURTHER**, that the Chairman, Secretary, Interim President and Chief Executive Officer, CRO, and any one or more officers of the Corporation (each an "Authorized Person" and collectively, the "Authorized Persons") are authorized, empowered, and directed, in the name and on behalf of the Corporation, to execute and verify all petitions under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court and to commence any ancillary or related proceedings as may be necessary or appropriate to effectuate the restructuring of the Corporation and to execute, verify, and cause to be filed all documents in furtherance thereof, at such time as such Authorized Person executing the same shall determine.

**RESOLVED FURTHER**, that each Authorized Person is authorized, empowered, and directed, in the name and on behalf of the Corporation, to negotiate, enter into, execute, deliver, certify, file, record, and perform, or cause to be negotiated, entered into, executed, delivered, certified, filed, recorded, and performed, any and all petitions, schedules, lists, motions, certifications, agreements, instruments, affidavits, acknowledgments, applications, including, without limitation, applications for approvals or rulings of governmental or regulatory authorities, pleadings, or other documents and to take, or cause to be taken, such other actions, as in the judgment of such Authorized Person shall be or become necessary, advisable, proper, or desirable in connection with the Corporation's Chapter 11 case, such Authorized Person's performance of any such act and his or her execution and delivery of any such document, agreement, or instrument to be conclusive evidence of the Authorized Person's approval thereof.

II.  **Cash Collateral**

**RESOLVED FURTHER**, that the Corporation, as a debtor and debtor in possession under the Bankruptcy Code, be authorized, empowered, and directed to negotiate and obtain the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on and claims against the Corporation's assets as may be contemplated by or required under the terms of cash collateral agreements or other similar arrangements, in such amounts as is reasonably necessary for the continuing conduct of the affairs of the Corporation in its Chapter 11 case and any of the Corporation's affiliates who may also, concurrently with the Corporation's petition, file for relief under the Bankruptcy Code.

III.  **Retention of Advisors**

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the Corporation, to

employ the law firm of Burr & Forman LLP as general bankruptcy counsel to represent and advise the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations, including filing any pleadings in connection with the Chapter 11 case and with any post-petition financing; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 case, and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of Burr & Forman LLP.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered and directed, in the name of and on behalf of the Corporation, to (i) employ the law firm of Gilpin Givhan, PC to represent and advise the Corporation as special corporate and health care regulatory counsel, and (ii) to compensate Gilpin Givhan, PC, as counsel to the Corporation, for its fees and expenses incurred in connection therewith; and, in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case, and cause to be executed and filed an appropriate application or motion with the Bankruptcy Court for authority to retain the services of Gilpin Givhan, PC.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the Corporation, to employ the firm of Memory Memory & Causby, LLP as conflicts counsel to represent and advise the Corporation in carrying out its duties under the Bankruptcy Code should a conflict arise with respect to Burr & Forman LLP, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 case and with any post-petition financing; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case, and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of Memory Memory & Causby, LLP.

**RESOLVED FURTHER**, that that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the Corporation, to employ the firm of Eisner Advisory Group LLC as chief restructuring officer and financial advisor to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 case and with any post-petition financing; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case, and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of Eisner Advisory Group LLC.

**RESOLVED FURTHER**, that that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the

Corporation, to employ the firm of SSG Capital Advisors, LLC as investment banker to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 case and with any post-petition financing; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case, and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of SSG Capital Advisors, LLC.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the Corporation, to employ the firm of Omni Agent Solutions, Inc. as notice, claims, and balloting agent to assist the Corporation in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case, and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of Omni Agent Solutions, Inc.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the Corporation, to employ any other professionals, including attorneys, accountants, financial advisors, investment bankers, and tax advisors, necessary to assist the Corporation in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 case, and cause to be executed and filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary.

### IV.  General Resolutions and Ratification

**RESOLVED FURTHER**, that the Authorized Persons, and any employees or agents (including counsel) designated by or directed by any such Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the Corporation, to take any and all other actions as they may deem necessary or advisable to, in the Corporation's capacity as stockholder, shareholder, trustee, equity holder, managing member, sole member, general partner, limited partner, or member of any of its subsidiaries and/or other entities that are debtors in the Chapter 11 case, to cause such subsidiaries and/or other entities to execute, deliver, and perform any of the actions contemplated with respect to the Chapter 11 cases and these resolutions or the transactions contemplated hereby.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Corporation, to cause the Corporation to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of

governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such officer shall be or become necessary, proper, or desirable to prosecute to a successful completion of the Chapter 11 case, including implementing the foregoing Resolutions and the transactions contemplated by these Resolutions.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Corporation, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing Resolutions.

**RESOLVED FURTHER**, that the omission from these Resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing Resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents, or instruments described in the foregoing Resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing Resolutions.

**RESOLVED FURTHER**, that all lawful acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done by any Authorized Person or any director, employee, legal counsel, or other representative of or advisor to the Corporation, in the name and on behalf of the Corporation, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these Resolutions were certified, are hereby in all respects approved and ratified.

**RESOLVED FURTHER**, that in connection with the transactions contemplated by the foregoing Resolutions, the Secretary and any Assistant Secretary of the Corporation be, and each of them individually hereby is, authorized in the name and on behalf of the Corporation, to certify any more formal or detailed resolutions as such Authorized Person may deem necessary, appropriate, or desirable to effectuate the intent of the foregoing Resolutions; and that thereupon such resolutions shall be deemed adopted as and for the resolutions of the Board as if set forth at length herein.