# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| In the Matter of: | ) | |
| Jackson Hospital & Clinic, Inc. | ) | Case No.   25-30256 |
| | ) | Chapter 11 |
| Debtor(s). | ) | |

---

## MOTION TO PARTIALLY LIFT STAY AND FOR OTHER RELIEF

**COMES NOW** John Patrick Smith (hereinafter referred to as "Movant"), by and through his attorney, and under 11 U.S.C. § 362(d), and moves this Honorable Court for relief from the automatic stay imposed by § 362(d) of the Bankruptcy Code. Relief is sought on the grounds that the Movant seeks only the applicable insurance proceeds in his separate civil litigation – not any assets owned by the Debtor or included in the Debtor's bankruptcy estate.  In support of said motion, the Movant states as follows:

### MEMORANDUM IN SUPPORT

1. This Court has jurisdiction for this proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, and 11 U.S.C. §§ 105, 362, 554 and 1301.

2. Jackson Hospital & Clinic, Inc., (hereinafter referred to as "Debtor") filed a petition in bankruptcy under Chapter 11 of the Bankruptcy Code on February 3, 2025.

3. Movant is the Plaintiff in a civil action filed on May 28, 2024 against the Debtor and its employee Doctor, in a case styled as *John Patrick Smith v. William*

*T. Sherrer and Jackson Hospital & Clinic, Inc.*, Case No. CV-2024-900798, which is currently pending in the Circuit Court of Montgomery County, Alabama. The original complaint which initiated said action is attached hereto as Exhibit A[1]. Movant alleges that he sustained personal injuries and damages as a result of a breach in the standard of care by one or more of Debtor's employees which occurred prior to the Debtor's filing for bankruptcy relief.

4.     Movant also alleges in his Complaint that the Debtor and its agent/employee engaged in negligent and/or wanton actions which violated the applicable standard of care for medical treatment under applicable state law.

5.     Upon information and belief, the Debtor has available insurance coverage against liability for the claims asserted in the state civil court action. The Movant seeks to proceed with civil litigation in the Montgomery County Circuit Court for discovery purposes and to recover the proceeds of any insurance coverage available to the Debtor that covers this loss.

6.     Based on the foregoing, Movant seeks relief from the automatic stay "for cause" under 11 U.S.C. § 362(d)(1) to recover proceeds from Debtor's insurance coverage.

---

[1] Note that this complaint was amended on July 31, 2024 to merely correct typographical errors contained in the original.

7.     As the legislative history of § 362 shows, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *In re: Lamberjack*, 149 B.R. 467, 470 (Bankr. N.D. Ohio 1992) (citing Senate Report No., 989, 95th Cong., 2d Sess., 50);

8.     When determining whether a Movant has "cause" for relief from the stay, most Courts "balance the hardship to the creditor, if they are not allowed to proceed with their lawsuit, against potential prejudice to the Debtor, Debtor's estate and other creditors." *In re R.J. Groover Constr., LLC*, 411 B.R. 460, 463-64 (Bankr. N.D. Ga. 2008). In carrying out this balancing test, Courts have considered numerous factors, including:

(a)     whether relief would result in partial or complete resolution of the issues;

(b)     the lack of any connection with or interference with the bankruptcy case;

(c)     whether the other proceeding involves the Debtor as a fiduciary;

(d)     whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(e)     whether the debtor has applicable insurance coverage and said insurer has assumed full responsibility for defending it;

(f)      whether the action primarily involves third parties;

(g)      whether litigation in another forum would prejudice the interests of other creditors;

(h)      whether the judgment claim arising from the other action is subject to equitable subordination;

(i)      whether the Movant' success in the other proceeding would result in a judicial lien available by the Debtor;

(j)      the interests of judicial economy and the expeditious and economical resolution of the litigation;

(k)      whether the parties are ready for trial in the other proceeding;

(l)      the impact of the stay on the parties and the balance of harm.

*In re New York Medical Group, P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001); *see also Sonnax Industries, Inc. v. Tri Component Production Corp.* (*In re Sonnax Industries, Inc.*), 907 F.2d 1280, 1286 (2d Cir. 1990); *Goya Foods, Inc. v. Unanue-Casual* (*In re Unanue-Casual*), 159 B.R. 90, 96 (D.P.R. 1993) aff'd 23 F.3d 395 (1st Cir. 1994); *In re Busch,* 294 B.R. 137, 141 n.4 (10th Cir. B.A.P. 2003); *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984).

9.    When weighing these factors, Courts consider only those factors that are relevant to the particular case at issue and do not assign equal weight to each factor. *In re Mezzo*, 167 F.3d 139, 143 (2d Cir. 1999). Because no harm will befall

the Debtor, its bankruptcy estate, or its other creditors *and* Movant would be prejudiced by delaying or abandoning his state civil litigation claims, a lifting of the stay is appropriate in this particular situation.

As stated above, Courts have considered many factors in carrying out the balancing test. The following factors are some of them:

## A. LIFTING THE STAY TO ALLOW THE CIRCUIT COURT LITIGATION TO PROCEED WILL COMPLETELY RESOLVE THE ISSUES BETWEEN THE DEBTOR AND THE MOVANT.

This Court can completely resolve the issues between the parties by lifting the automatic stay. The only issue that exists between the Movant and the Debtor is the underlying state court action. If the Court lifts the stay and allows the Movant to proceed and litigate his claims to conclusion, the relationship between the Movant and the Debtor will be over.

## B. LIFTING THE STAY WILL NOT INTERFERE WITH THE BANKRUPTCY ESTATE.

Whether the Circuit Court proceedings are connected with or will interfere with the bankruptcy estate also supports lifting the stay. Movant seeks to liquidate his claims in the Circuit Court of Montgomery County in order to recover under the applicable liability insurance policies and from other non-debtor sources. "Numerous Courts have permitted the stay to be lifted when the Movant is simply seeking to establish the fact and amount of the Debtor's liability and, as in these cases, the Movant has stipulated that any recovery will be sought from the Debtor's

insurer or a co-defendant." *In re Peterson*, 116 B.R. 247, 250-1 (D. Colo. 1990). In such cases, "there can be no legitimate complaint that the estates will be dissipated by allowing the litigation to move forward." *In re 15375 Memorial Corp.*, 382 B.R. 652, 689 (Bankr. D. Del. 2008).

### C. THE DEBTOR HAS AVAILABLE INSURANCE COVERAGE THROUGH ITS INSURANCE CARRIER.

The next relevant factor is whether the Debtor has applicable insurance coverage and if an insurance carrier has assumed responsibility for defending the circuit court litigation. If so, then lifting the stay to allow the circuit court litigation to proceed will not prejudice the Debtor or reduce its assets. In the Montgomery County case, the Debtor's negligence is, upon information and belief, covered by some sort of insurance policy. Due to the infancy of discovery in the action, the identity of the carrier and the limits of the policy are not yet known.

### D. LIFTING THE STAY WILL NOT PREJUDICE OTHER CREDITORS.

Another factor supporting Movant's request to lift the stay is the state court litigation's lack of effect on parties to the bankruptcy; Movant's civil suit will not prejudice the interests of other creditors. Movant will collect any judgment against the Debtor solely from the applicable insurance proceeds and/or other non-debtor sources. Thus, the other creditors in the bankruptcy will not be harmed by granting

the motion because the Movant will not be able to enforce any judgment directly against the Debtor or its estate.

**E. CONTINUING THE AUTOMATIC STAY WILL IMPOSE SUBSTANTIAL HARDSHIPS ON MOVANT THAT FAR OUTWEIGH ANY HARDSHIPS ON THE DEBTORS.**

Movant may effectively be harmed by delaying the civil court action. The mere existence of a bankruptcy action does not deny the Movant the opportunity to prosecute their case. *In re Brock Laundry Machine Co.,* 37 B.R. 564, 566-7 (Bankr. N.D. Ohio 1984). In fact, Courts have found that making a plaintiff wait to prosecute a claim puts them at a considerable disadvantage due to the preservation of evidence and loss of witnesses, as well as the length of time to receive a final award. *Id.* Therefore, courts lift the stay under § 362(d) and allow Movant/Plaintiffs to recover under any applicable insurance policy coverage. *Id.*

## CONCLUSION

The automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of a Debtor's assets. A lifting of the stay to allow a Plaintiff/Creditor like Mr. Smith to determine liability and collect damages separate from this bankruptcy proceeding will not affect the Debtor's estate. It will allow the Movant to establish the amount of his claim and potentially be compensated for his injuries without causing prejudice or harm to any creditor.

7

In this respect, a relief from the stay will not violate the purpose for which it was imposed. For the reasons stated above, the Movant herein request that this Honorable Court grant his Motion.

**WHEREFORE, PREMISES CONSIDERED,** Movant hereby requests entry of an Order granting relief from the automatic stay imposed by 11 U.S.C. § 362 and permitting the Movant to proceed in the circuit court action and to collect against any applicable insurance coverage held by the Debtor.

Respectfully submitted,

*/s/ Frank Johnson Baxley*
Frank Johnson Baxley (ASB-9216-F61A)
*Attorney for Movant, John Patrick Smith*
**FARRIS, RILEY & PITT LLP**
1728 Third Avenue North
Fifth Floor
Birmingham, AL 35203
T: (205) 324-1212
F: (205) 324-1255
jbaxley@frplegal.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing up on the persons or entities set forth below:

U.S. Bankruptcy Administrator
One Church Street
Montgomery, AL 36104

Derek F. Meek
James Roberts
Marc P. Solomon
*Attorneys for Jackson Hospital & Clinic, Inc.*
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203

And all persons and entities listed on the clerk's mailing matrix by depositing same in the United States mail, postage prepaid, this 19th day of March, 2025.

*Frank Johnson Baxley*
OF COUNSEL

# Exhibit A



AlaFile E-Notice

03-CV-2024-900798.00

To: KIRBY D FARRIS
kfarris@frplegal.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JOHN PATRICK SMITH V. WILLIAM T. SHERRER M.D. ET AL
03-CV-2024-900798.00

The following complaint was FILED on 5/28/2024 10:37:14 AM

Notice Date:     5/28/2024 10:37:14 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
5/28/2024 10:37 AM
03-CV-2024-900798.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas...<br>03... |
|---|---|---|

Date of Filing: 05/28/2024  Judge Code:

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
### JOHN PATRICK SMITH v. WILLIAM T. SHERRER M.D. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☑ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING  A ☐ APPEAL FROM DISTRICT COURT  O ☐ OTHER
R ☐ REMANDED  T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO  Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
FAR030 | 5/28/2024 10:37:12 AM<br>Date | /s/ KIRBY D FARRIS<br>Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

ELECTRONICALLY FILED
5/28/2024 10:37 AM
03-CV-2024-900798.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**JOHN PATRICK SMITH,**

     **Plaintiff,**

**v.**

| | |
|---|---|
| | **Civil Action No.:** _____ |
| | **JURY TRIAL DEMANDED** |

**WILLIAM T. SHERRER, M.D., an individual; JACKSON HOSPITAL & CLINIC, INC., a corporation;** there may be other entities whose true names and identities are unknown to the Plaintiff(s) at this time, who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the Plaintiff(s) when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff(s) will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations. The symbol by which these party Defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity". In the present action, the party Defendants which the Plaintiff must include by descriptive characterization is as follows:

**Defendants A, B, C,** whether singular or plural, intending to refer to that entity or entities commonly known as JACKSON HOSPITAL & CLINIC, INC.;

**Defendants D, E, F,** whether singular or plural, intending to refer to that entity or entities who owned and/or operated JACKSON HOSPITAL & CLINIC, INC. at all material times herein;

**Defendants G, H, I,** whether singular or plural intending to refer to that entity or entities which are the predecessor of any of the entities described hereinabove;

**Defendants J, K, L,** whether singular or plural, intending to refer to that person, corporation, entity or entities which was responsible for providing the medical care, skilled nursing services, medical treatment, therapy, assistance with activities of daily living and/or monitoring of the Plaintiff, whose negligence, wantonness, or other wrongful conduct caused or contributed to cause the occurrences made the basis of Plaintiff's Complaint and whose negligence caused or contributed to cause or allow the Plaintiff to be injured and suffer damages;

**Defendants M, N, O,** whether singular or plural, intending to refer to that person, corporation, or other legal entities which breached the applicable standard of care relative to the care and treatment of the Plaintiff and whose negligence caused or contributed to cause the injury and damages to the Plaintiff;

**Defendants P, Q, R,** whether singular or plural, intending to refer to that individual or entity who or which is the employer and/or independent contractor of any nurse, nursing assistant, physical therapist, technician, radiologist, radiology technician, radiology administrative staff, any staff

1

member involved in preparing MRI reports and/or other health care provider responsible for the care, treatment, monitoring, reporting and/or assessments of the Plaintiff at the time of the occurrences made the basis of Plaintiff's Complaint and whose negligence caused or contributed to cause the injury and damages to the Plaintiff;

**Defendants S, T, U**, whether singular or plural, intending to refer to that individual or entity which failed to properly train those employees, staff, or other health care providers described herein at JACKSON HOSPITAL & CLINIC, INC. and whose negligence caused or contributed to cause the injury and damages to the Plaintiff;

**Defendants V, W, X**, whether singular or plural, intending to refer to that individual, entity, firm or corporation which failed to hire adequate and competent staff to provide competent electronic, reporting and/or radiology services whose negligence caused or contributed to cause the injury and damages to the Plaintiff;

**Defendants Y, Z, Aa**, whether singular or plural, intending to refer to that individual, entity, firm corporation or other legal entity which breached the applicable standard of care which failed to properly designate, coordinate, and/or supervise the staff responsible for evaluating, assessing, diagnosing, and/or generally providing medical care, documentation, administrative, radiology and/or skilled nursing services for the Plaintiff as described herein and whose negligence caused or contributed to cause the injury and damages to the Plaintiff;

**Defendants Bb, Cc, Dd**, whether singular or plural, intending to refer to that individual, entity, firm or corporation who developed and/or implemented policy and procedures for JACKSON HOSPITAL & CLINIC, INC. relating to the delivery of medical care and treatment to patients such as Plaintiff and whose negligence caused or contributed to cause the injury and damages to the Plaintiff;

**Defendants Ee, Ff, Gg,** whether singular or plural, intending to refer to that individual, entity, firm or corporation responsible for the Plaintiff's distal aorta becoming stapled on or about August 7, 2023;

Plaintiff avers that the identity of the fictitious party defendants herein is otherwise unknown to Plaintiff at this time or, if their names are known to Plaintiff at this time, their identity as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

*[This space intentionally left blank.]*

---

## COMPLAINT

---

**COMES NOW** the Plaintiff, John Patrick Smith, by and through undersigned counsel of record, and hereby sets forth the following Complaint against the above captioned parties both named and fictitious. In support thereof, Plaintiff states as follows:

## I.    <u>PARTIES AND JURISDICTION</u>

1. Plaintiff, John Patrick Smith, is over the age of nineteen (19) years and a resident of the State of Alabama.

2. Defendant, William T. Sherrer, M.D., is an individual over the age of nineteen (19) years and a resident citizen of the State of Alabama.

3. Defendant, Jackson Hospital & Clinic, Inc. ("Jackson Hospital") is a health care facility organized and operating in Montgomery County, Alabama, under the laws of the State of Alabama and licensed by the Alabama Department of Public Health.

4. At all times relevant herein, all named and Fictitious Defendants which are corporations, individuals, or other legal entities, acted through agents, employees, and officers, who were acting within the line and scope of their agency or employment or authority; the acts and conduct of said persons were at all times ratified and approved by Defendants, and done for the benefit of Defendants.

5. At all times relevant herein, all health care providers, including nurses, aides, technicians, orderlies, physicians, administrators, managers, and supervisors acted as agents and/or employees of named and Fictitious Party Defendants, within the line and scope of their

employment or agency, and/or acted on behalf of and for the benefit of Defendants, both real and Fictitious, and their conduct and actions were authorized and ratified by Defendants, both real and Fictitious.

6.    Additionally, Fictitious Defendants "Aa through Gg," both separately and severally are liable to Plaintiff under the doctrine of *respondeat superior* and under the principles of agency. Alternatively, employees and/or agents of Fictitious Party Defendants were acting on their own, and their conduct caused or contributed to cause, along with or without the conduct of one or more named and Fictitious Party Defendants, the injuries and damages sustained by Plaintiff as described herein below. Said Fictitious Defendants' true and correct identities are otherwise unknown to Plaintiff at this time, but will be added by Amendment when ascertained.

7.    The events, acts and/or omissions given rise to the claims asserted herein occurred wholly within the geographical boundaries of Montgomery County, Alabama. The amount in controversy exceeds the jurisdictional minimums of this Honorable Court. Jurisdiction and venue are properly vested with the Circuit Court for Montgomery County, Alabama.

## II.    FACTUAL ALLEGATIONS

8.    Plaintiff re-adopts and re-alleges each and every preceding paragraph as if fully set out herein.

9.    Plaintiff John Patrick Smith was a patient who was being treated by Defendant William T. Sherrer, M.D., a urologist at Jackson Urology Clinic in Montgomery, Alabama. Upon information and belief, Jackson Urology Clinic is part of the Jackson Hospital & Clinic, Inc. system.

10.     In August 2023, Dr. Sherrer diagnosed Plaintiff with renal cell carcinoma which required a nephrectomy procedure to remedy, a surgical procedure where a kidney or part of a kidney is removed.

11.     On August 7, 2023, Dr. Sherrer performed a left nephrectomy at Jackson Hospital in Montgomery, Alabama for Plaintiff.

12.     After the procedure, Plaintiff was transferred to the post anesthesia care unit (PACU). When his condition did not stabilize, a CT scan of his abdomen was ordered which revealed a perfusion of the lower aorta.

13.     Plaintiff was transported via helicopter to UAB Hospital to the care of a vascular surgeon, Dr. Benjamin Pearce, M.D. Dr. Pearce reviewed the CT scan of Plaintiff's abdomen taken at Jackson Hospital and determined that Plaintiff's distal aorta had been inadvertently stapled during the nephrectomy procedure, decreasing the distal flow of blood to his body. Plaintiff developed bilateral gastrocnemius peripheral thrombosis which necessitated further surgical treatment, including removal of the staple from Plaintiff's distal aorta and at least one bilateral fasciotomy.

14.     Plaintiff suffered significant damage as a result of the negligence of Defendants, both real and Fictitious, including but not limited to the following:

   a.     He was forced to undergo multiple surgical procedures and extensive subsequent treatment to cure his injuries;

   b.     He was caused to suffer disfigurement;

   c.     He was caused to suffer excruciating pain and was forced to endure an extended hospitalization to cure his injuries;

   d.     He was caused to suffer a decline in his overall health;

e.      He was caused to suffer a decline in his functional ability;

f.      He was caused to suffer mental anguish and emotional distress;

g.      He was caused to suffer permanent injury;

h.       He was caused to incur various out of pocket expenses; and

i.      He was caused to suffer chronic and prolonged pain and suffering.

15.     Plaintiff alleges that Defendants, both real and Fictitious, negligently and/or wantonly failed to fulfill their obligations to the Plaintiff by, among other things, inadvertently stapling his distal aorta. As a consequence of the Defendants negligent and wanton conduct, Plaintiff was caused to suffer significant damage, and the Defendants' conduct was a breach in the standard of care.

16.     The scope and severity of the negligent and wanton conduct inflicted upon Plaintiff by the Defendants while he was under their care should have and could have been prevented. As a direct and proximate result of the negligent acts of the Defendants, the Plaintiff was caused to suffer a significant decline in his health and physical condition that almost resulted in his death, as well as additional surgeries.

17.     Defendants, both real and Fictitious, intentionally, negligently and/or wantonly provided sub-standard, improper are and treatment to the Plaintiff, and as a consequence of said treatment and conduct, Plaintiff was caused to suffer significant past, present and future pain and suffering, additional surgeries, lost earning capacity, and mental anguish. A similarly situated healthcare provider as Dr. William T. Sherrer would not have inadvertently stapled the distal aorta and/or exercised due care in performing the nephrectomy procedure on Plaintiff. Dr. Sherrer's failure to do so amounts to medical negligence and ultimately caused Plaintiff's damages.

### III.    CAUSES OF ACTION

### COUNT ONE
### ALABAMA MEDICAL LIABILITY ACT

18.    Plaintiff re-adopts and re-alleges each and every preceding paragraph as if fully set out herein.

19.    Pursuant to the applicable State and Federal laws and regulations, more specifically the Alabama Medical Liability Act, codified in Ala. Code § 6-5-540, Defendants, both real and Fictitious, owed a duty to Plaintiff to protect and promote his health and healing and to provide adequate medical care in keeping with the medical standards found in the same or similar medical community.

20.    Plaintiff alleges that Defendants, both real and Fictitious, wholly failed to discharge their obligations of care to Plaintiff. A reasonable doctor similarly situated to Defendant Dr. William T. Sherrer would not have stapled Plaintiff's distal aorta and/or would have otherwise exercised due care in performing the nephrectomy procedure on Plaintiff.

21.    Defendants, both real and Fictitious, failed to exercise such reasonable care, skill and diligence as other similarly situated health care providers in the same general line of practice ordinarily would have in treating Plaintiff, proximately and directly causing his damages.

22.    Plaintiff alleges that the Defendants, both real and Fictitious, by and through their employees, agents and/or representatives, and/or one or more of the Fictitious Defendants, was under a legal duty to possess and exercise that degree of care, skill and diligence commonly possessed and exercised by same or similar healthcare providers and/or healthcare facilities in the medical community. Plaintiff further alleges the Defendants, both real and Fictitious, breached the minimum applicable standard of care required for a healthcare provider and/or healthcare facility regarding the Plaintiff and was negligent or wanton in one or more of the following respects and,

as a direct result, proximately caused or contributed to cause Plaintiff's injuries as described hereinabove:

    a.    Negligently/wantonly performed a nephrectomy procedure per the minimum standard of care by, among other things, stapling Plaintiff's distal aorta;

    b.    Negligently/wantonly failed to provide Plaintiff with competent and skilled medical personnel to evaluate and implement precautionary interventions;

    c.    Negligently/wantonly failed to implement state and federal guidelines applicable to health care facilities;

    d.    Negligently/wantonly failed to properly and timely diagnose, observe, monitor and treatment Plaintiff per the minimum standard of care;

    e.    Negligently/wantonly failed to provide adequate staffing to care for patients, including Plaintiff, per the applicable minimum standard of care;

    f.    Negligently/wantonly failed to properly communicate Plaintiff's physical and/or medical condition to other medical personnel involved in his care per the minimum applicable standard of care;

    g.    Negligently/wantonly failed to follow physician orders and/or implement recommended measures and interventions to prevent Plaintiff's injury per the applicable minimum standard of care; and

    h.    Otherwise negligently/wantonly failed to provide the minimum standard of care and treatment to Plaintiff which translated to substandard medical care and treatment.

23.    As a direct and proximate consequence of the above-described negligence or wantonness of the Defendants, both real and Fictitious, Plaintiff John Patrick Smith was caused to suffer:

    a.    past, present and future pain and suffering;

    b.    past and future medical bills and expenses;

    c.    mental anguish;

    d.    exacerbation of pre-existing condition;

e.       permanent physical impairment;

f.       lost wages; and

g.       lost earning capacity and wasted business expenditures.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, John Patrick Smith, demands judgment against Defendants William T. Sherrer, M.D., Jackson Hospital & Clinic, Inc., and Fictitious Defendants "A through Gg," jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury in accordance with the Alabama Medical Liability Act, to compensate Plaintiff for his injuries and damages as herein described.

## COUNT TWO
## MEDICAL NEGLIGENCE
## BREACH OF THE APPLICABLE STANDARD OF CARE

24.     Plaintiff re-adopts and re-alleges each and every preceding paragraph as if fully set forth herein.

25.     Plaintiff affirmatively alleges that, pursuant to Ala. Code § 6-5-391, Dr. William Sherrer and Jackson Hospital's wrongful act, omission or negligence directly and proximately caused the injuries and damages to the Plaintiff as described above.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, John Patrick Smith, demands judgment against Defendants William T. Sherrer, M.D. and Jackson Hospital & Clinic, Inc., and Fictitious Defendants "A through Gg," jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury in accordance with the Alabama Medical Liability Act, to compensate Plaintiff for his injuries and damages as herein described.

## COUNT THREE
## NEGLIGENT/WANTON HIRIING, SUPERVISION AND TRAINING

26.     Plaintiff re-adopts and re-alleges each and every preceding paragraph as if fully set forth herein.

27.     Plaintiff alleges that the Defendants, both real and Fictitious, negligently/wantonly failed to properly screen and hire competent administrative, nursing and caregiver personnel.

28.     Plaintiff further alleges that the Defendants, both real and Fictitious, negligently or wantonly failed to properly train the hired and/or contracted personnel.

29.     Plaintiff further alleges that the Defendants, both real and Fictitious, negligently/wantonly failed to properly supervise the hired and/or contracted personnel in the proper procedures relating to patient care.

30.     Plaintiff further alleges that the Defendants, both real and Fictitious, negligently/wantonly failed to adequately staff the facilities.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, John Patrick Smith, demands judgment against Defendants William T. Sherrer, M.D., Jackson Hospital & Clinic, Inc., and Fictitious Defendants "A through Gg," jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury to compensate Plaintiff for his injuries and damages as herein described.

## COUNT FOUR
## FICTITIOUS DEFENDANTS

31.     Plaintiff re-adopts and re-alleges each and every preceding paragraph as if fully set forth herein.

32.     Plaintiff further avers that the conduct of Fictitious Defendants, identified as Defendants, "A through Gg," combined and concurred to directly or proximately cause Plaintiff's injuries and damages set out in **COUNTS ONE, TWO AND THREE** above. Defendants, "A through Gg," whose current names and identities are unknown to Plaintiff at the present time will be correctly named and identified when properly ascertained.

**WHEREFORE, PREMISES CONSDIERED,** the Plaintiff demands damages against Fictitious Defendants, "A through Gg," in an amount in excess of the jurisdictional requirements of this Court; said amount to be determined by a struck jury, plus costs.

Respectfully submitted this the 24th day of May, 2024.

*/s/ Kirby D. Farris*
KIRBY D. FARRIS (FAR030)
MALIA D. TARTT (TAR020)
Attorneys for the Plaintiff

**OF COUNSEL:**

**FARRIS, RILEY & PITT, LLP**
The Gray Building
1728 Third Avenue North
Suite 500
Birmingham, Alabama 35203
T: (205) 324-1212
F: (205) 324-1255
kfarris@frplegal.com
mtartt@frplegal.com

**THE PLAINTIFF HEREBY DEMANDS A JURY FOR THE TRIAL OF THIS CAUSE.**

*/s/ Kirby D. Farris*
OF COUNSEL

**TO CLERK: PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:**

William T. Sherrer, M.D.
226 Mitylene Park
Montgomery, AL 36117

Jackson Hospital & Clinic, Inc.
c/o Joe B. Riley
1725 Pine Street
Montgomery, Alabama 36106

ELECTRONICALLY FILED
5/28/2024 10:37 AM
03-CV-2024-900798.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**JOHN PATRICK SMITH,**

   **Plaintiff,**

**v.**

   **Civil Action No. _____**

**WILLIAM T. SHERRER,** *et al.*,

   **Defendants.**

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WILLIAM T. SHERRER, M.D.

The Plaintiff submits the following Interrogatories and Requests for Production of Documents to Defendant William T. Sherrer, M.D. to be answered pursuant to Alabama Rules of Civil Procedure 33 and 34.

## **INSTRUCTIONS**

1. You are under a duty to reasonably supplement or amend your responses to several of these Interrogatories and Requests as required by Ala. R. Civ. P. 26(e).

2. Each Interrogatory shall be answered separately and fully in writing under oath in accordance with Ala. R. Civ. P. 33(a).

3. All documents or things responsive to a request set forth herein shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories set forth in these requests as required by Ala. R. Civ. P. 34(b).

4. With respect to any documents or things withheld by you due to a claim of privilege or other objection, list for each such document or thing:

  a. type of document or thing (e.g., memorandum, letter, etc.);
  b. author(s);
  c. recipient(s);
  d. subject matter;
  e. nature of privilege asserted or other objections;
  f. the part of the document withheld; and
  g. a description of the thing withheld.

1

5.      If any document or thing requested herein has been destroyed or otherwise disposed of, list for each such document or thing:

     a.     type of document or thing (e.g. letter, memorandum, etc.);
     b.     author(s)
     c.     recipient(s)
     d.     the approximate or actual date of the document;
     e.     subject matter;
     f.     the person who destroyed or otherwise disposed of the document or thing;
     g.     in the case of disposition, the person to whom the document or thing was transmitted or to whom a copy was provided;
     h.     the date of destruction or disposition; and
     i.     the reason for destruction of disposition.

## **DEFINITIONS**

1.      "Person" or "persons" means any individual, corporation, partnership, limited liability company, unincorporated association, or other legal entity or form of organization or association.

2.      "You" or "your" means William T. Sherrer, M.D. in this action, his agents, officers, directors, employees, representatives, or other entities acting or purporting to act on his behalf.

3.      "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request or interrogatory any documents or information that might otherwise be construed to be outside its scope.

4.      "Communication" means any occurrence whereby facts, opinions, data, or information are transmitted between two or more persons, including, but not limited to, any meeting, conversation, discussion, correspondence, or any other form of oral or written interchange.

5.      "Identify" has the following meanings in the following contexts:
     a.     when used with respect to a person, to provide that person's name, date of birth, address, home telephone number, work telephone number, employer, and place of employment;
     b.     when used with respect to a place or location, to provide the address, city, county, and state where that place is located;
     c.     when used with respect to a document or thing, to provide that document's or that thing's current location, author, recipient, subject matter, and date;
     d.     when used with respect to a transaction, occurrence, or act, to set forth the event or events constituting such a transaction, occurrence, or act, the location of the same, and the date and the persons participating in the same.

6.    The words "Document" or "Documents" are used to refer to the full scope of documents, writings, and other tangible things discoverable under Ala. R. Civ. P. 34, in whatever form and however and by whomever made.  Please note that "document(s)" as so defined include, but are not limited to, any documents or information stored on computer databases, electronic mail, or otherwise in any retrievable form, as well as every document, writing, or other tangible thing, including without limitation the following items, whether printed, typed, recorded, filmed, stored in a computer format, written, produced by hand or by any other process, and whether original, master, duplicate, or copy: statements; reports; charts; graphs; bills; statements of account; agreements; communications, whether interoffice, intraoffice, or otherwise; correspondence; papers; cablegrams; mailgrams; telegrams; notes, memoranda, summaries, minutes, records, videotapes, sound recordings and transcriptions of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions, and things similar to the foregoing; books, manuals, publications, and diaries; engineering reports and notebooks; plats; test results; plans; sketches or drawings; photographs; summaries of investigations; surveys; opinions and reports of expert witnesses, appraisers, or consultants; projections; corporate records; minutes of board of directors or committee meetings; desk calendars; appointment books; diaries; diary entries and notes; and any other information-containing paper, writing, or physical thing.

## <u>INTERROGATORIES</u>

1.    State your full correct name, date of birth, age, place of birth, social security number, driver's license number, residence address, business address, and if married, state your spouse's full name.

2.    Please provide all of your professional qualifications, including but not limited to your medical education training and experience, any licenses you hold, board certifications, hospital, medical school and/or other professional school and group affiliations and medical and specialty college memberships. Please indicate which of these accolades you did not yet hold on August 7, 2023.

3.    Have you ever served in the Armed Forces or performed services for any branch of any governmental agency?

4.    Please describe the procedure you performed for Plaintiff on August 7, 2023 (*i.e.,* the nephrectomy made the basis of Plaintiff's Complaint).

5.    Please describe in complete detail this Defendant's understanding of the

3

circumstance involved leading up to, including, and immediately following the procedure made the basis of Plaintiff's Complaint.

6.    Please state whether you contend that all applicable standards of care were met with respect to the care and treatment of Plaintiff during her surgery. If your answer contains violations of the standard of surgical care, please specifically describe the standard violated, the identity of the individual violating the policy by name and position/title, the date and time of all such failure(s) to follow protocol, and all facts surrounding any such violation.

7.    Do you contend that the conduct of Plaintiff was partly responsible for the surgical complications or the extent of his injuries suffered? If the answer is yes, please describe the conduct in detail and state the basis of your contention that such conduct caused or contributed to cause injury to the Plaintiff.

8.    Does this Defendant contend that the Plaintiff's injuries during and after surgery were a result of any condition, disease, injury or illness other than the injuries he sustained as a result of the medical care decisions made during the procedure made the basis of Plaintiff's Complaint? If the answer to this Interrogatory is in the affirmative, please describe any such condition, disease, injury or illness and provide this Defendant's basis for the belief that it caused or contributed to cause the Plaintiff's injuries.

9.    Does this Defendant have any criticism of the medical treatment and/or care provided to the Plaintiff by any other health care providers not employed by or working on behalf of this Defendant (either before or following the surgery that is the basis of this litigation)? If so, please identify the third party providing the treatment, specifically describe why/how the treatment fell below the minimum standard of care, and state whether this Defendant contends that the treatment described caused or contributed to cause the Plaintiff's injuries.

10.    State whether you were named or covered under any primary policy or policies of liability insurance which apply(s) to this occurrence, and if so, state the name of each company, the policy number, the effective period and the maximum liability limits for each person and each occurrence or claim.

11.    Do you intend to offer opinion testimony at trial from yourself or any other experts?

4

If so, list the witnesses you may call to trial as expert witnesses by name, address, telephone number and specialty. Your answer should also include all opinions you expect them to render and the factual predicate for those opinions.

12.     If you know of the existence of any demonstrative evidence of any kind (such as pictures, movies, computer-generated information or evidence, electronically stored data, reports, videos, diagrams, x-rays, fetal monitor strips, diagnostic findings, documents or objects) that relate to the facts of this lawsuit, list and describe fully the evidence, and the name and address of the current custodian of the materials.

13.     Please identify by name, address and phone number all persons who have knowledge of any facts pertaining to Plaintiff's treatment and/or the procedure made the basis of Plaintiff's Complaint. Please state the general content of the testimony you anticipate obtaining from each potential witness.

14.     Do you contend that the procedure made the basis of Plaintiff's Complaint was properly performed? If so, describe why you contend that it was properly performed.

15.     Describe any and all steps you took to ensure that the procedure made the basis of Plaintiff's Complaint was properly performed.

16.     What are the possible risks and complications associated with the procedure made the basis of Plaintiff's Complaint?

17.     Please state the name, address and telephone number of each individual this Defendant intends to call as a witness at the trial of this matter.

18.     State the name, address and any qualifications of each expert who may be called as an expert witness at the trial of this case, the subject matter of said expert's testimony, and any and all opinions held by said experts, and the facts known to the expert which relate to or form the basis of the expert's opinion.

## <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

1.     Please produce a copy of each and every document used or otherwise reviewed by

this Defendant in responding to the Plaintiff's first set of Interrogatories.

2.      Please produce a copy of any statements, either orally or in writing, made to or by this Defendant or its agents/representatives relating to the events made the basis of this lawsuit. This request does not seek the production of documents protected by the attorney-client privilege.

3.      Please produce a copy of any pictures, video recordings, and/or audio recordings in your possession that reflect the Plaintiff and/or the incident made the basis of this litigation.

4.      Please produce any tapes, notes, emails, memoranda, correspondence, reports, etc. which relate to the events made the basis of this suit and which are not part of the previous requests.

5.      Produce a copy of each exhibit this Defendant intends to use at a trial of this matter.

6.      Produce a copy of any and all documents received by this Defendant pursuant to any subpoena requests.

7.      Please produce a curriculum vitae (CV) of any expert disclosed by this Defendant and a copy of each document upon which this Defendant's disclosed expert(s) relies in making his or her opinions related to this lawsuit.

8.      Each and every scientific treatise, book or document or treatise of any authority on the subject, the issue of the lawsuit, or any authoritative text or document in any way relating, concerning or pertaining to the Plaintiff's claim expressed in the Complaint.

                                                    */s/ Kirby D. Farris*
                                                    KIRBY D. FARRIS (FAR030)
                                                    MALIA D. TARTT (TAR020)
                                                    Attorneys for the Plaintiff

**OF COUNSEL:**

**FARRIS, RILEY & PITT, LLP**
1728 Third Avenue North, Suite 500
Birmingham, Alabama 35203
T: (205) 324-1212
kfarris@frplegal.com
mtartt@frplegal.com

**TO CLERK: PLEASE SERVE WITH SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
5/28/2024 10:37 AM
03-CV-2024-900798.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**JOHN PATRICK SMITH,**

       **Plaintiff,**

**v.**

**JACKSON HOSPITAL & CLINIC, INC.,**
***et al.,***

       **Defendants.**

**Civil Action No. _____**

---

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JACKSON HOSPITAL & CLINIC, INC.

The Plaintiff submits the following Interrogatories and Requests for Production of Documents to Defendant Jackson Hospital & Clinic, Inc. ("Jackson Hospital") to be answered pursuant to Alabama Rules of Civil Procedure 33 and 34.

### INSTRUCTIONS

1.     You are under a duty to reasonably supplement or amend your responses to several of these Interrogatories and Requests as required by Ala. R. Civ. P. 26(e).

2.     Each Interrogatory shall be answered separately and fully in writing under oath in accordance with Ala. R. Civ. P. 33(a).

3.     All documents or things responsive to a request set forth herein shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories set forth in these requests as required by Ala. R. Civ. P. 34(b).

4.     With respect to any documents or things withheld by you due to a claim of privilege or other objection, list for each such document or thing:

      a.     type of document or thing (e.g., memorandum, letter, etc.);
      b.     author(s);
      c.     recipient(s);
      d.     subject matter;
      e.     nature of privilege asserted or other objections;
      f.     the part of the document withheld; and
      **g.**     a description of the thing withheld.

1

5.     If any document or thing requested herein has been destroyed or otherwise disposed of, list for each such document or thing:

a.     type of document or thing (e.g. letter, memorandum, etc.);
b.     author(s)
c.     recipient(s)
d.     the approximate or actual date of the document;
e.     subject matter;
f.     the person who destroyed or otherwise disposed of the document or thing;
g.     in the case of disposition, the person to whom the document or thing was transmitted or to whom a copy was provided;
h.     the date of destruction or disposition; and
i.     the reason for destruction of disposition.

## <u>DEFINITIONS</u>

1.     "Person" or "persons" means any individual, corporation, partnership, limited liability company, unincorporated association, or other legal entity or form of organization or association.

2.     "You" or "your" means Jackson Hospital in this action, its agents, officers, directors, employees, representatives, or other entities acting or purporting to act on its behalf.

3.     "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request or interrogatory any documents or information that might otherwise be construed to be outside its scope.

4.     "Communication" means any occurrence whereby facts, opinions, data, or information are transmitted between two or more persons, including, but not limited to, any meeting, conversation, discussion, correspondence, or any other form of oral or written interchange.

5.     "Identify" has the following meanings in the following contexts:

a.     when used with respect to a person, to provide that person's name, date of birth, address, home telephone number, work telephone number, employer, and place of employment;
b.     when used with respect to a place or location, to provide the address, city, county, and state where that place is located;
c.     when used with respect to a document or thing, to provide that document's or that thing's current location, author, recipient, subject matter, and date;
d.     when used with respect to a transaction, occurrence, or act, to set forth the event or events constituting such a transaction, occurrence, or act, the location of the same, and the date and the persons participating in the same.

2

6.      The words "Document" or "Documents" are used to refer to the full scope of documents, writings, and other tangible things discoverable under Ala. R. Civ. P. 34, in whatever form and however and by whomever made.  Please note that "document(s)" as so defined include, but are not limited to, any documents or information stored on computer databases, electronic mail, or otherwise in any retrievable form, as well as every document, writing, or other tangible thing, including without limitation the following items, whether printed, typed, recorded, filmed, stored in a computer format, written, produced by hand or by any other process, and whether original, master, duplicate, or copy: statements; reports; charts; graphs; bills; statements of account; agreements; communications, whether interoffice, intraoffice, or otherwise; correspondence; papers; cablegrams; mailgrams; telegrams; notes, memoranda, summaries, minutes, records, videotapes, sound recordings and transcriptions of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions, and things similar to the foregoing; books, manuals, publications, and diaries; engineering reports and notebooks; plats; test results; plans; sketches or drawings; photographs; summaries of investigations; surveys; opinions and reports of expert witnesses, appraisers, or consultants; projections; corporate records; minutes of board of directors or committee meetings; desk calendars; appointment books; diaries; diary entries and notes; and any other information-containing paper, writing, or physical thing.

## **INTERROGATORIES**

1.      Please state the full name(s) and address(es) of the representative(s) responding to these Interrogatories on behalf of this Defendant, your position(s) and/or title(s), and the length of time each representative has held such position.

2.      Identify by name, address and job title/position any person known to this Defendant to have witnessed or who has knowledge of the events made the basis of this lawsuit including, but not limited to: all nurses, aides, doctors, residents, technicians, physicians, therapists, or other employees or medical/healthcare providers who rendered any medical care or treatment to the Plaintiff while he was a patient of Jackson Urology Clinic and/or Jackson Hospital.

3.      Do you employ William T. Sherrer, M.D.?  If so, please state the date of hire, job title, expected responsibilities, and employment requirements (prior to hiring) of your employee, William T. Sherrer, M.D.  If this Defendant is not his employer, please state the name, address and telephone number of his employer.

4.      Please describe in complete detail this Defendant's understanding of the circumstance involved leading up to, including, and immediately following the procedure made

the basis of Plaintiff's Complaint.

5. Please identify and describe in detail this Defendant's policies and procedures, written or otherwise, in effect for approximately one year prior to and one year following Plaintiff's admission to this Defendant's facility as they pertain to the following facility functions:

   a. identifying which patients are a candidate for a nephrectomy;

   b. monitoring risks during a nephrectomy;

   c. properly performing a nephrectomy; and

   d. preventing complications before, during and after a nephrectomy.

6. Specifically describe the protocols and/or procedures (required or practiced, written or otherwise) that were put into place, if any, to reduce Plaintiff's risk during the procedure made the basis of his Complaint. If any employee of this Defendant actually implemented any type of plan or course of action to prevent the injuries to Plaintiff, please state the name and position/title of the said employee(s), the date and time the plan or course of action was implemented, and a description of the plan or course of action that was implemented.

7. Please state whether you contend that all procedures and policies (whether written or otherwise) of Jackson Hospital, including Jackson Urology Clinic, were followed with respect to the care and treatment of Plaintiff during his treatment. If your answer contains violations of policies and procedures, please specifically describe the policy or procedure violated, the identity of the individual violating the policy by name and position/title, the date and time of all such failure(s) to follow protocol, and all facts surrounding any such violation.

8. Please state the name of the employee(s) directly responsible for supervising, observing, monitoring, and/or assisting the surgery of Plaintiff while he was admitted under the care of this Defendant immediately prior to and during the procedure made the basis of Plaintiff's Complaint. For each such employee, please state that person's location at the time of the Plaintiff's surgery and provide in full detail a description of the activities each such person was performing or otherwise doing at the time.

9. Does this Defendant have any criticism of the medical treatment and/or care

4

provided to the Plaintiff by any other health care providers not employed or working on behalf of this Defendant (either before or following the surgery that is the basis of this litigation)? If so, please identify the third party providing the treatment, specifically describe why/how the treatment fell below the minimum standard of care, and state whether this Defendant contends that the treatment described caused or contributed to cause the Plaintiff's injuries.

10.    Has any employee, agent or representative of this Defendant made any statements, either orally or in writing, relating to the events made the basis of this suit? If so, state the name of the person(s) making the statement, the nature of the statement (its contents), the date(s) each statement was made, and the name of the person having custody of the statement.

11.    Other than the medical records, and excluding any communication between this Defendant and its counsel, has any employee or agent of this Defendant sent or received any photographs, video or audio recordings, notes, emails, correspondence, memoranda, reports, etc. which relate to the events made the basis of this lawsuit? If so, identify each document and state the name of the person in custody of each document.

12.    Did this Defendant conduct any type of quality assurance or medical review investigation into the incident made the basis of this litigation? If so, please state the name of each individual participating in said review/investigation, the date the review/investigation was commenced, and the date the review/investigation was concluded. If one or more meetings were convened regarding and/or relating to such a review/investigation, please state the date and time each such meeting began, the location where each such meeting was held, the names of those individuals in attendance at each such meeting, and the time each such meeting concluded.

13.    Please state whether the complications forming the basis of this lawsuit were reported to the Alabama Department of Public Health as a reportable incident and if so, please state the date the report was made, by whom the report was made, and the outcome of any investigation.

14.    Does this Defendant contend that the Plaintiff's injuries during and after surgery were a result of any condition, disease, injury or illness other than the injuries he sustained as a result of the medical care decisions made during the procedure made the basis of Plaintiff's

Complaint? If the answer to this Interrogatory is in the affirmative, please describe any such condition, disease, injury or illness and provide this Defendant's basis for the belief that it caused or contributed to cause the Plaintiff's injuries.

15.     Does this Defendant contend that the Plaintiff's post-surgery pain and injuries were a result of anything else besides the improper/inaccurate/ineffective nephrectomy procedure? If so, please describe the cause of the Plaintiff's post-surgery pain and injuries and provide this Defendant's basis for the belief that those thing(s) caused or contributed to cause the Plaintiff's injuries.

16.     At the time of the incident made the basis of this litigation, did this Defendant maintain any policy or policies of medical malpractice and/or general liability insurance coverage? If so, please state the name of this Defendant's medical malpractice insurance carrier, the policy number or numbers relating to said coverage, and the limits of coverage for each such policy. If the answer to this interrogatory is in the negative, please state whether this Defendant was/is a self-insured healthcare company.

17.     Please state the name, address and telephone number of each individual this Defendant intends to call as a witness at the trial of this matter.

18.     State the name, address and any qualifications of each expert who may be called as an expert witness at the trial of this case, the subject matter of said expert's testimony, and any and all opinions held by said experts, and the facts known to the expert which relate to or form the basis of the expert's opinion.

19.     How many patients of this Defendant received a nephrectomy procedure in the three (3) years prior to the procedure made the basis of Plaintiff's Complaint? Please identify the date of each procedure and the name of the performing surgeon.

## <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

1.     Please produce a copy of each and every document used or otherwise reviewed by this Defendant in responding to the Plaintiff's first set of Interrogatories.

2.     Produce a certified copy of Plaintiff's entire medical chart and file maintained by

6

this Defendant. This request includes but is not limited to all medical records, pharmacy records, nurses notes, progress notes, nightly chart audits or patient assessments, radiology reports, heart monitors, notes or memoranda related to the file or chart, physician orders, medication lists, vital sign flow sheets or charts, intake and output records, video(s) of the surgery, consultation reports or notes, history and physical, laboratory reports, special procedures reports, etc.

3.      Produce a copy of all permits and consent forms signed by the Plaintiff or signed on behalf of the Plaintiff.

4.      Please produce this Defendant's policies and procedures that were in place at the time of the procedure made the basis of Plaintiff's Complaint concerning the surgical treatment, nursing care, and/or rehabilitative care provided to the Plaintiff.

5.      Please produce a copy of any statements, either orally or in writing, made to or by this Defendant or its agents/representatives relating to the events made the basis of this lawsuit. This request does not seek the production of documents protected by the attorney-client privilege.

6.      Please produce a copy of any pictures, video recordings, and/or audio recordings in your possession that reflect the Plaintiff and/or the incident made the basis of this litigation.

7.      Please produce any tapes, notes, emails, memoranda, correspondence, reports, etc. which relate to the events made the basis of this suit and which are not part of the previous requests.

8.      Produce a copy of each exhibit this Defendant intends to use at a trial of this matter.

9.      Produce a copy of any and all documents received by this Defendant pursuant to any subpoena requests.

10.     Please produce a curriculum vitae (CV) of any expert disclosed by this Defendant and a copy of each document upon which this Defendant's disclosed expert(s) relies in making his or her opinions related to this lawsuit.

*/s/ Kirby D. Farris*
KIRBY D. FARRIS (FAR030)
MALIA D. TARTT (TAR020)
Attorneys for the Plaintiff

7

**OF COUNSEL:**

**FARRIS, RILEY & PITT, LLP**
The Gray Building
1728 Third Avenue North
Suite 500
Birmingham, Alabama 35203
T: (205) 324-1212
F: (205) 324-1255
kfarris@frplegal.com
mtartt@frplegal.com

**TO CLERK: PLEASE SERVE WITH SUMMONS AND COMPLAINT**

8