## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

In re

JACKSON HOSPITAL & CLINIC, INC., *et al.*,

Debtors.[1]

Case No. 25-30256-CLH

Chapter 11

Jointly Administered

### ORDER TO CASSIE D. PRESTON AND GORDON REES SKULLY MANSUKHANI, LLC TO APPEAR AND SHOW CAUSE AS TO WHY SANCTIONS SHOULD NOT BE IMPOSED

On August 26, 2025, at 1:30 p.m., this matter came before the Court for hearing on the Motion for Reconsideration of Orders Denying Motion to Compel Turnover or to Recognize Constructive Trust in Medicare Funds [Doc. 776] (the "Motion to Reconsider") filed by Progressive Perfusion, Inc. ("Progressive"). In response, Jackson Investment Group, LLC filed the DIP Lender's (i) Objection to Progressive Perfusion, Inc.'s Motion for Reconsideration and (ii) Request for Sanctions [Doc. 842] (the "DIP Lender Objection"), and the Debtors filed the Debtors' Response to and Motion to Strike Progressive Perfusion's Motion for Reconsideration of Orders Denying Motion to Compel Turnover or to Recognize Constructive Trust in Medicare Funds [Doc. 843] (the "Debtors' Response").

On August 26, 2025, at 12:06 p.m., Progressive filed its Supplemental Brief in Support of Motion for Reconsideration [Doc. 859] (the "Supplemental Brief"). On August 26, 2025, at 12:17 p.m., Progressive filed Progressive Perfusion, Inc.'s Joint Response to the DIP Lender's Objection and Request for Sanctions and Debtor's Motion to Strike [Doc. 860] (the "Joint Response," and, together with the Motion to Reconsider and the Supplemental Brief, the "Progressive Filings").

As noted at the August 26, 2025, hearing, the Court began its review of the Motion to Reconsider on August 13, 2025, comparing the arguments in the Motion to Reconsider to the authorities cited in support thereof. The Court discovered pervasive inaccurate, misleading, and fabricated citations, quotations, and representations of legal authority in the Motion to Reconsider. The Court noted at the hearing that its findings were largely consistent with the irregularities noted in the DIP Lender Objection and the Debtors' Response.

The Court offered counsel for Progressive an opportunity to withdraw the Motion to Reconsider, and in considering that offer, Progressive first inquired as to whether the Supplemental Brief – filed less than ninety minutes before the hearing – could be substituted for the Motion to Reconsider. The Court declined to accept the Supplemental Brief as a substitute for the Motion to Reconsider. After a recess to allow Progressive to consider its options, counsel for Progressive withdrew the Motion to Reconsider and the Supplemental Brief.

---

[1] An Order entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the following cases: Jackson Hospital & Clinic, Inc. and JHC Pharmacy, LLC (the "Debtors"), with Jackson Hospital & Clinic, Inc. 25-30256 as the lead case. (Case No. 25-30256, Doc. 49).

The withdrawal of the Motion to Reconsider and the Supplemental Brief – while limiting the expenditure of resources on August 26, 2025 – does not sufficiently address the fact that inaccurate, misleading, and fabricated citations, quotations, and representations of legal authority were filed with the Court. Accordingly, it is hereby

ORDERED that **Gordon Rees Skully Mansukhani, LLC** and **Cassie D. Preston** shall appear before the undersigned at the United States Bankruptcy Court, United States Courthouse Annex, One Church Street, Courtroom 4F, Montgomery, Alabama, on **Tuesday, October 7, 2025, at 2:00 P.M.** and show cause, if any cause exists, as to why they should not be sanctioned under Rule 9011 of the Federal Rules of Bankruptcy Procedure, Rule 2090-1 of the Local Rules of the United States Bankruptcy Court for the Middle District of Alabama[2], 11 U.S.C. § 105(a), the Court's inherent authority, the Alabama Standards for Imposing Lawyer Discipline, or Alabama Rule of Professional Conduct 3.3, for making false statements of fact or law to the Court with respect to the Progressive Filings.

For other parties in interest, the Court will allow virtual attendance through the following Webex link:

https://us-courts.webex.com/us-courts/j.php?MTID=m8aeb0ea882cdf7cad412eea85ccd166a.

All virtual attendees must connect to the Webex at least fifteen minutes prior to the commencement of the hearing. Any virtual attendee desiring to make an appearance on the record must keep their camera on and remain unmuted until their appearance is noted by the Court.

Done this 28th day of August, 2025.

Christopher L. Hawkins
United States Bankruptcy Judge


c: Cassie D. Preston, Attorney for Progressive Perfusion, Inc.
Dion N. Cominos, Firmwide Managing Partner, Gordon Rees Skully Mansukhani, LLC
Ronald A. Giller, Chief Legal Officer, Gordon Rees Skully Mansukhani, LLC
Steven B. Bitter, General Counsel, Gordon Rees Skully Mansukhani, LLC
Debtors
Derek F. Meek, Attorney for Debtors
Marc P. Solomon, Attorney for Debtors
Catherine Via, Attorney for the Debtors
Justin G. Williams, Attorney for UMB
Jeremy Retherford, Attorney for ServisFirst
R. Scott Williams, Attorney for the Committee

[2] Local Bankruptcy Rule 2090-1 incorporates by reference Local Rule 83.1 of the United States District Court for the Middle District of Alabama.

Andrew H. Sherman, Attorney for the Committee
Paul M. Rosenblatt, Attorney for the DIP Lender
Britt B. Griggs, Attorney for the Bankruptcy Administrator