# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re:<br><br>**JACKSON HOSPITAL & CLINIC, INC.,** *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 25-30256<br><br>**JOINTLY ADMINISTERED** |

## DEBTORS' FOURTH EMERGENCY MOTION TO FURTHER EXTEND THE DEBTORS' EXCLUSIVE PERIODS TO FILE AND SOLICIT VOTES ON A CHAPTER 11 PLAN

**COMES NOW** Jackson Hospital & Clinic, Inc. ("Jackson Hospital") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through their undersigned counsel, and hereby files this emergency motion (the "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to section 1121(d) of Title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code"), 9006(c) of the Federal Rules of Bankruptcy Procedure, and Local Rule 9013-1(a), extending the Debtors' exclusive right to file a chapter 11 plan by 60 days, through and including December 31, 2025 (the "Extended Filing Period") and solicit votes thereon by 30 days, through and including January 31, 2026 (the "Extended Solicitation Period" and together with the Extended Filing Period, the "Exclusivity Periods"). In support of this Motion, the Debtors respectfully state as follows:

## RELIEF REQUESTED

1. By this Motion, pursuant to Bankruptcy Code section 1121(d), Bankruptcy Rule 9006(c), and Local Rule 9013-1(a), the Debtors seek an order granting an extension of the Debtors' (i) exclusive right to file a chapter 11 plan by an additional 60 days, and (ii) right to solicit votes

---

[1] The Debtors in these cases are Jackson Hospital & Clinic, Inc. and JHC Pharmacy, LLC.

thereon by an additional 30 days, without prejudice to the right of the Debtors to seek further extensions of the Exclusivity Periods in the future.

## JURISDICTION AND VENUE

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the U.S. District Court for the Middle District of Alabama's General Order of Reference dated April 25, 1985. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On February 3, 2025 (the "Petition Date"), each of the Debtors commenced a case under Chapter 11 of Title 11 of the Bankruptcy Code (the "Chapter 11 Cases").

4. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

6. Additional information regarding the Debtors' businesses, assets, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the Declaration of Allen Wilen in Support of Chapter 11 Petitions and First Day Pleadings of the Debtors, filed on February 4, 2025 [Doc. 9] (the "Wilen Declaration") and incorporated by reference herein.

7. On February 19, 2025, this Court entered an *Amended Order Directing the Appointment of Unsecured Creditors Committee*. *See* Doc. 126.

8. On May 9, 2025, the Debtors filed their initial *Debtors' Emergency Motion to Further Extend the Debtors' Exclusive Periods to File and Solicit Votes on a Chapter 11 Plan* (the "Initial Motion") which was granted by the Court on June 2, 2025. *See* Doc. No. 458 and 551, respectively.

9. On July 25, 2025, the Debtors filed the *Debtors' Emergency Motion to Further Extend the Debtors' Exclusive Periods to File and Solicit Votes on a Chapter 11 Plan*, (the "Second Motion") which was granted by the Court on August 1, 2025. *See* Doc. No. 752 and 800, respectively.

10. On September 23, 2025, the Debtors filed the *Debtors' Third Emergency Motion to Further Extend the Debtors' Exclusive Periods to File and Solicit Votes on a Chapter 11 Plan*, (the "Third Motion") which was granted by the Court on October 2, 2025. *See* Doc. No. 947 and 998, respectively.

11. On September 29, 2025, the Debtors filed the *Debtors' Third Emergency Motion for Entry of an Order (I) Authorizing the Debtors to Further Amend the DIP Credit Agreement and (II) Granting Related Relief* ("Third DIP Amendment Motion").[2] *See* Doc. 966.

12. The Court held a hearing on the Third DIP Amendment Motion on September 30, 2025, which was continued to October 7, 2025, and further continued to October 14, 2025 (the "Hearing").

13. At the Hearing, the Court issued its ruling on the Third DIP Amendment Motion from the bench.

14. The Court granted the Third DIP Amendment Motion, subject to certain modifications in the DIP Amendment.

15. As set forth in the Third DIP Amendment Motion, DIP Amendment, and announced at the Hearing, after negotiating with interest parties for the sale or reorganization of the Debtors,

---

[2] All terms capitalized but not otherwise defined herein shall have the meanings ascribed to them in the Third DIP Amendment Motion. *See* Doc. 966.

the Debtors have chosen a path forward with Jackson Investment Group, the DIP lender (the "DIP Lender").

16. The DIP Amendment extends the Maturity Date of the DIP Credit Agreement from September 30, 2025 to October 31, 2025, with a conditional right to further extend the Maturity Date to January 31, 2026, and also requires that the Debtors have filed a plan acceptable to the DIP Lender no later than December 1, 2025.

## BASIS FOR RELIEF REQUESTED

17. The Debtors respectfully request that this Court further extend the Exclusivity Periods because cause exists to do so.

18. Section 1121(b) of the Bankruptcy Code establishes an initial period of 120 days after the commencement of a chapter 11 case during which only a debtor may file a plan and an additional 60-day period during which only the debtor may solicit votes for a plan. 11 U.S.C. § 1121(b). Section 1121(d)(1) of the Bankruptcy Code provides, in relevant part, that: "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause . . . increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1).

19. Although the Bankruptcy Code does not define "cause" for purposes of an extension under section 1121(d), the legislative history indicates the term should be viewed flexibly "in order to allow the debtor to reach an agreement" with its creditors. H.R. Rep. 595, 95th Cong., 2nd Sess. 231 (1978); *In re Friedman's, Inc.*, 336 B.R. 884, 889 (Bankr. S.D. Ga. 2005) (stating rule); *In re Newark Airport/Hotel L.P.*, 156 B.R. 444, 451 (Bankr. D.N.J. 1993) aff'd 155 B.R. 93 (D.N.J. 1993) (noting that chapter 11 provisions are designed to enable a debtor to remain in control for some period of time, thereby making reorganization an attractive alternative for financial troubled companies); *see also In re Ames Dep't Stores, Inc.*, 1991 U.S.

4

Dist. LEXIS 17074, at *8, (S.D.N.Y. Nov. 25, 1991) ("The purpose of the Bankruptcy Code's exclusivity period is to allow the debtor flexibility to negotiate with its creditors.").

20. Courts often consider the following factors to determine whether "cause" exists under section 1121(d) to further extend a debtor's Exclusivity Periods:

(a) the size and complexity of the case;

(b) the existence of good faith progress;

(c) the necessity of sufficient time to negotiate and prepare adequate information;

(d) whether creditors are prejudiced by the extension;

(e) whether the debtor is paying its debts as they become due;

(f) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(g) whether the debtor has made progress negotiating with creditors;

(h) the length of time a case had been pending;

(i) whether the debtor is seeking an extension to pressure creditors; and

(j) whether unresolved contingencies exist.

See In re Adelphia Commc'ns Corp., 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); see also In re Borders Grp., Inc., 460 B.R. 818, 822 (Bankr S.D.N.Y. 2011) (evaluating the nine factors set forth in Adelphia and holding that debtor established cause to extend exclusivity); Continental Casualty Co. v. Burns & Roe Enters. (In re Burns & Roe Enters.), 2005 U.S. Dist. LEXIS 26247, at *11-12 (D.N.J. Nov. 2, 2005) (summarizing various factors similar to those in Adelphia).

21. While useful, courts have repeatedly noted that bankruptcy courts are given broad discretion to allow extensions of the exclusivity period and that exclusivity does not lend itself to some rigid formulaic analysis. Thus, the above factors are not the exclusive bases for the exercise of a court's discretion to further extend the Exclusivity Periods. See In re Quality Inns Int'l, Inc. v. L.B.H. Associates Ltd. P'Ship, 911 F.2d 724 (table) (4th Cir. 1990) (affirming exclusivity

5

extension based on only four of the nine *Adelphia* factors); *see also In re Burns & Roe*, 2005 U.S. Dist. LEXIS 26247, at *11-12 (Bankr. D.N.J. Nov. 3, 2005) ("a bankruptcy court has 'broad discretion to determine what is sufficient cause in each individual case'") (quoting *In re Sharon Steel Corp.*, 78 B.R. 762, 765 (Bankr. W.D. Pa. 1987).

22. Moreover, requests similar to this Motion are not novel or unique and courts routinely grant a debtor's requests for an extension of the Exclusivity Periods. *See, e.g., In re Toys "R" US, Inc.*, Case No. 17-34665 (KLP) (Bankr. E.D. Va. Dec. 20, 2017) (granting a second exclusivity extension of 120 days); *In re KMart Corp.*, Case No. 02-02474 (SPS) (Bankr. N.D. Ill. July 24, 2002) (granting a bridge exclusivity extension of 77 days and subsequently granting an additional exclusivity extension of 205 days); and *In re Big Lots, Inc.,* Case No. 24-11967 (Bankr. Del. September 9, 2024) (granting a second extension of the exclusivity period of 90 days).

23. Based on the foregoing factors and the history of these proceedings, the Debtors submit that sufficient "cause" exists pursuant to section 1121(d) of the Bankruptcy Code to extend the Exclusivity Periods. The following relevant factors each weighs in favor of an extension of the Exclusivity Periods:

- **The Debtors Have Made Good Faith Progress**. Since the Court granted the Third Motion, the Debtors have made significant progress toward an exit strategy. The Debtors concluded negotiations with parties in interest to determine the best path forward to maximize the value of the estate, whether by sale or other means. After two months of negotiations with parties in interest, the Debtors, in their business judgment, have selected the DIP Lender as the party with the best path forward for the Debtors. The DIP Amendment contemplates this path forward. The DIP Amendment requires the Debtor to file a plan acceptable to the DIP Lender by December 1, 2025. A brief extension of the Exclusivity Periods is warranted and prudent in order to allow the Debtors and the DIP Lender to continue working on the preconditions to filing a plan.

- **The Necessity of Sufficient Time To Negotiate And Prepare Adequate Information.** As stated above, the Debtors, in their business judgment, have decided to move forward with the DIP Lender's proposed path forward. Now that the DIP Amendment has been approved, the Debtors can continue to negotiate the terms of a consensual plan, but need additional time to do so.

- **The Debtors are Paying Debts as They Become Due.** The Debtors have continued to pay debts as they become due through the pendency of these Chapter 11 Cases, and extension of the Exclusivity Period would not affect any of the Debtors' creditors or any other stakeholders.

- **An Extension of the Exclusivity Periods Will Not Prejudice Creditors**. Continued exclusivity will permit the Debtors to maintain flexibility and optionality so that competing plans do not derail the Debtors' bankruptcy process. Moreover, throughout these Chapter 11 Cases, the Debtors have had ongoing and transparent communications with their major creditor groups, including their secured lenders. The Committee and Debtors came to a resolution on the Creditors' Committee's objection to the Third DIP Amendment Motion, and thereafter, the Creditors' Committee was generally supportive of the DIP Amendment, which contemplates filing a plan by December 1, 2025. The ongoing operations are crucial to maintaining and maximizing the value of the Debtors' estates. Extending the Exclusivity Periods will benefit the Debtors' estates, their creditors, and all other key parties in interest. Among other things, the Debtors have actively engaged with the Creditors' Committee concerning their assets and potential paths forward.

- **The Debtors Have Reasonable Prospects for Filing a Viable Plan**. By this Court granting the Third DIP Amendment Motion, the Debtors and DIP Lender can continue finalizing the roadmap around which a chapter 11 plan can be developed. The Debtors intend to continue these efforts moving forward and to attempt to negotiate a consensual plan in connection therewith. Thus, there is a very reasonable prospect of proposing and obtaining creditor consent regarding a sustainable plan if the Exclusivity Periods are extended.

- **An Extension Will Not Pressure Creditors**. The Debtors are not seeking an extension of the Exclusivity Periods to pressure or prejudice any of their stakeholders. To the contrary, the Debtors are proposing an extension of exclusivity in order to have additional time to finalize their strategy for a plan involving the DIP Lender without the distraction, confusion, and unnecessary expense that could be created by multiple competing plans. All creditor groups will have an opportunity to actively participate in these substantive discussions with the Debtors regarding a consensual chapter 11 plan and can make their voices known in the unlikely event a global resolution of all issues is not available.

- **The Requested Extensions Are Reasonable**. The requested extensions of the Exclusivity Periods are also reasonable in light of the DIP Amendment. As noted above, now that the DIP Amendment has been approved, the Debtors are in the process of drafting a plan. The requested extensions of the Exclusivity Periods are therefore warranted to provide the Debtors with additional time to take these steps and comply with the terms of the DIP Amendment.

24. An objective analysis of the relevant factors not only establishes sufficient cause to extend the Exclusivity Periods, but also demonstrates that the Debtors are working diligently to

facilitate a successful conclusion to these complex Chapter 11 Cases. Since the Third Motion, the Debtors have chosen a path forward with the DIP Lender that the Debtors believe will maximize the value of their estates. The Debtors are now in the process of developing a consensual chapter 11 plan that incorporates the DIP Lender's proposed path forward, while maintaining patient care. However, there is still more to be done and the Debtors simply need more time. The Debtors intend to use the additional time to develop a consensual chapter 11 plan. Thus, the requested extension is reasonable and in the best interests of the Debtors and of their stakeholders.

25. Bankruptcy Rule 9006(c) provides that the Court may, in its discretion and for cause shown, with or without notice, reduce the notice period normally required for motions. The current deadline to file a chapter 11 plan is October 31, 2025. *See* Doc. 998. Due to the upcoming deadline and pursuant to Bankruptcy Rule 9006(c) and Middle District of Alabama Local Rule 9013-1, the Debtors respectfully request this Court set this Motion for hearing on an emergency basis as soon as practicable for the Court.

## **RESERVATION OF RIGHTS**

26. Nothing contained herein or in the Order should be construed as a waiver of any of the Debtors' rights, including, without limitation, any rights to: (a) seek additional extensions of the Exclusivity Periods; (a) dispute, or assert offsets or defenses against, any filed Claim or any Claim that may be listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; or (c) subsequently designate any scheduled Claim as disputed, contingent or unliquidated. In addition, nothing contained herein or in the Order is intended to be an admission of the validity of any Claim, or an approval, assumption, or rejection of any agreement, contract or lease under section 365 of the Bankruptcy Code.

## NOTICE

27. Notice of the hearing on the relief requested herein will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as applicable local bankruptcy rules, including Local Bankruptcy Rule 9013-1, and is sufficient under the circumstances. The Debtors will provide notice of this Motion to those listed on the Master Service List. Due to the urgency of the circumstances surrounding this Motion and the nature of the relief in it, the Debtors respectfully submit that no further notice of this Motion is required.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: October 17, 2025

                                **BURR & FORMAN LLP**

                                */s/ Marc P. Solomon*
                                Derek F. Meek
                                Marc P. Solomon
                                James H. Haithcock III
                                Catherine T. Via
                                Burr & Forman LLP
                                420 20th Street North, Suite 3400
                                Birmingham, Alabama 35203
                                Telephone: (205) 251-3000
                                E-mail: dmeek@burr.com
                                                  msolomon@burr.com
                                                  jhaithcock@burr.com
                                                  cvia@burr.com

                                *Counsel for Debtors and Debtors-in-Possession*

**EXHIBIT A**

**Proposed Form of Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| | **Case No. 25-30256** |
| **JACKSON HOSPITAL & CLINIC, INC.,** *et al.*,[1] | |
| | **JOINTLY ADMINISTERED** |
| **Debtors.** | |

**ORDER FURTHER EXTENDING THE DEBTORS' EXCLUSIVITY PERIODS TO FILE
AND SOLICIT VOTES ON A CHAPTER 11 PLAN**

Upon consideration of the motion (the "Motion")[2] [Doc. __ ] of the Debtors for entry of an order (this "Order") pursuant to section 1121(d) of the Bankruptcy Code, extending the Debtors' exclusive right to file a chapter 11 plan by 60 days, through and including December 31, 2025 (the "Extended Filing Period") and solicit votes thereon by 30 days, through and including January 31, 2026 (the "Extended Solicitation Period" and together with the Extended Filing Period, the "Extended Exclusivity Periods"), as more fully set forth in the Motion; and upon due and sufficient

---

[1] The Debtors in these cases are Jackson Hospital & Clinic, Inc. and JHC Pharmacy, LLC.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been scheduled and, to the extent necessary, held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing (if any was held), and all the proceedings had before the Court; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and the legal and factual bases set forth in the Motion and at the Hearing (if any was held) having established just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is **APPROVED** as set forth herein.

2. The Court hereby extends the Debtors' exclusive right to file a chapter 11 plan by 60 days, through and including December 31, 2025.

3. The Court hereby extends the Debtors' exclusive right to solicit votes on a chapter 11 plan by 30 days, through and including January 31, 2026.

4. Nothing in this Order shall prejudice the right of the Debtors to seek further extensions of the Exclusivity Periods consistent with section 1121(d) of the Bankruptcy Code, or the rights of any party in interest to object to any further extension requests.

5. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

6. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

7. The Court shall retain jurisdiction with respect to any matters, Claims, rights, or disputes arising from or related to this Order.

### END OF ORDER ###

Order drafted and submitted by:
Marc P. Solomon
BURR & FORMAN LLP
420 20th Street North, Suite 3400
Birmingham, Alabama 35203
(205) 251-3000
msolomon@burr.com
Counsel for Debtors and Debtors-in-Possession