IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **In the Matter of:** | * | |
| | * | CASE NO.: 25-30256-CLH |
| **JACKSON HOSPITAL & CLINIC,** | * | |
| **INC., et al.,** | * | |
| | * | **CHAPTER 11** |
| Debtors. | * | Jointly Administered |

## CASSIE PRESTON'S RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW Cassie Preston by and through undersigned counsel and in response to the Court's order to show cause of August 28, 2025 (Doc. 871) asserts the following:

**I.      No Cause**

Ms. Preston has no cause to show as to why sanctions should not be imposed. Ms. Preston undertook the representation of Progressive Perfusion, Inc. at the request of a close personal and family friend who is the principal/owner of that corporation and who, along with his wife, has been a friend for over thirty (30) years. Ms. Preston allowed her loyalty and desire to help her friend override the fact that she does not have a great deal of experience in the type of matters which were at issue before this Court. Ms. Preston's legal experience has primarily been in the areas of insurance defense, coverage, and subrogation; product defects; construction defects; general claims in tort; and contractual disputes. Ms. Preston should have deferred in this representation, but allowed her strong desire to help her friends override her native

concern, believing that hard work could overcome the deficiency. She carries a heavy case load and, realistically, did not have the time necessary to spend on the case to compensate for the obvious learning curve.

At the August 26, 2025 hearing held in this case, Ms. Preston represented to the Court that she had not used generative artificial intelligence (AI) in preparing Progressive's Motion to Reconsider [Doc. 776] and that an associate had begun preparation of the motion and she had failed to check the citations. Ms. Preston was not candid with the Court in this. While Ms. Preston did not personally use generative AI to prepare the filing, she was aware that generative AI was used. It was not provided to her by a legal associate. Ms. Preston is prepared and willing to communicate the source of this information to the Court either under seal or in a closed hearing. Her explanation will not, however, abdicate her knowledge and responsibility.

When the Court asked Ms. Preston about the use of generative AI, Ms. Preston improperly became defensive and was not fully truthful out of fear. Ms. Preston understood very quickly that this was a poor decision and out of character for her. For this she is embarrassed, sorrowful, and apologetic.

Ms. Preston fully understands that there is no excuse for the submission of the motion or for her responses to the Court in the August 26th hearing. She understands and believes that her handling of the matter was improper. Ms. Preston can only ask

that the Court show mercy. Ms. Preston is a single mother with a child in college who has recently undergone a series of traumatic ordeals in her personal and financial life which led to her inability to keep up with her case load while attempting to help one of the few friends who had stood by her during her ordeal. This information, too, Ms. Preston is willing to share with the Court either under seal or in a closed hearing.

Ms. Preston offers her deepest apologies to the Court and to the attorneys and parties involved. There can be little doubt that Ms. Preston will lose her job and source of income for her family because of her actions in this matter. She only hopes that the Court will take these things into account when deciding what sanctions are appropriate and merciful.

I. **Sanctions**

The parties seeking sanctions in this case and the Order to Show Cause [Doc. 871] variously request or contemplate sanctions in this matter under Rule 9011 of the Federal Rules of Bankruptcy Procedure, Rule 2090-1 of the Local Rules of the United States Bankruptcy Court for the Middle District of Alabama, 11 U.S.C. § 105(a), and 27 U.S.C. § 1927.

**A. Rule 9011 Federal Rules of Bankruptcy Procedure**

Rule 9011 empowers the Court to order sanctions by motion of a party or on its own. Fed. R. Bankr. P. 9011(c)(2) &(3). In this case, the first request for sanctions was initiated by DIP Lender's on August 21, 2025. [Doc. 892]. At the hearing on

August 26, 2025, five days following the first motion, Ms. Preston and her client withdrew the Motion for Reconsideration which drew DIP Lender's initial motion.[1] The Supplemental Brief in Support of the Motion to Reconsider [Doc. 859] was disallowed at the August 26, 2025 hearing. Further, Ms. Preston withdrew her Joint Response to DIP Lender's Response and Request for Sanctions on September 9, 2025. [*See* Doc. 906].

    Rule 9011(c)(2)(B) contains a safe harbor provision which states that, "The motion for sanctions must not be filed or presented to the court if the challenged document, claim, defense, contention, allegation, or denial is withdrawn or appropriately corrected within 21 days after the motion was served." Fed.R.Bankr.P. 9011(c(2)(B). "The rule requires the moving party to serve the motion for sanctions on opposing counsel at least twenty-one days prior to filing it with the court. 'This procedure provides a 'safe harbor' in which the offending party can avoid sanctions by withdrawing or correcting the challenged document or position after receiving notice of the alleged violation.'" In re Miller, 414 Fed. Appx. 214, 2 (11th Cir. 2011) *citing* Gwynn v. Walker (In re Walker), 532 F.3d 1304, 1308 (11th Cir. 2008). There is

---

[1] Other motions followed, but DIP Lender's was the first.

no indication in the record that any of the movants here, including DIP Lender, served the motion on Ms. Preston prior to filing the requests for sanctions.[2]

Ms. Preston does not argue here that the Court lacks jurisdiction under other statutes and rules to impose sanctions, she simply offers the lack of the opportunity of a safe harbor as mitigation. Ms. Preston's actions in withdrawing the offending motion at the hearing on August 26, 2025, just five days after DIP's request and her withdrawal on September 9, 2025 of the Joint Response, just nineteen days following the first motion indicate her contrition in this matter.

### B. 11 U.S.C. § 105(a)

Section 105 of Title 11 of the U.S. Code gives the Court authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" and to take any action "sua sponte" which is "necessary or appropriate to enforce or implement court order or rules or prevent abuse of process." 11 U.S.C. § 105(a).

### C. 28 U.S.C. § 1927

Section 1927 of Title 28 allows the Court to require an attorney or person "who so multiplies the proceedings in any case unreasonably and vexatiously" to "satisfy

---

[2] The undersigned was just engaged by Ms. Preston today and first had contact with her late yesterday evening. This filing is made late in the evening of the due date, and the undersigned has not had the leisure of properly scouring the record.

personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

**D. Local Rules**

Rule 2090-1 of the Local Rules of the United States Bankruptcy Court for the Middle District of Alabama, among other things, makes attorneys admitted *pro hac vice* subject to the local rules of the Court. Local Rule 1001-2(a) incorporates by reference the Local Rules for the U.S. District Court for the Middle District of Alabama. U.S. Middle District Local Rule 83.1 allows the Court "in its discretion, [to] dispose of the matter through the use of its inherent, statutory, or other powers; refer the matter to an appropriate state bar agency for investigation and disposition; [or to] refer the matter to the local grievance committee." Local Rule 83.1 U.S. District Court for the Middle District of Alabama.

## CONCLUSION

Ms. Preston makes no excuses for her actions in this matter; she failed to follow her own inclinations with regard to the representation; she allowed her loyalty to much-needed friends to override her better judgment in taking on the issues; and she allowed herself to take on more work than she could reasonably do under the strain of difficult personal circumstances; she crossed the line and admits it.

Respectfully submitted,

/s/ Wallace D. Mills
Wallace D. Mills (MIL090)

Attorney for Cassie Preston

Wallace D. Mills, P.C.
621 S. Hull Street
Montgomery, AL 36104
(334) 219-9111
mills@wallacemills.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 23rd day of October, 2025, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to all parties receiving notices in this bankruptcy case.

                                          /s/ Wallace D. Mills
                                          OF COUNSEL

7
Case 25-30256   Doc 1076   Filed 10/23/25   Entered 10/23/25 20:54:13   Desc Main
Document    Page 7 of 7