In re:

JACKSON HOSPITAL & CLINIC, INC.　　　　　　　Case No. 2:2025-bk-30256
　　　　　　　　　　　　　　　　　　　　　　　Chapter 11

　　　　Debtor.

_____ /

## CREDITOR OSBURN'S MOTION FOR RELIEF FROM AUTOMATIC STAY

**COMES NOW** Damen Osburn, (the creditor-plaintiff will be referenced herein as the "Plaintiff Osburn"), creditor of this estate, by and through undersigned counsel, and hereby moves this Court for an order granting relief from the automatic stay herein, to permit Plaintiff Osburn to proceed with his state-court action against the debtor, Jackson Hospital & Clinic, Inc. ("Jackson Hospital"), pending in the Circuit Court of Montgomery County, Alabama, Case Number: 03-cv-2025-901677.

Plaintiff Osburn respectfully adopts and incorporates by reference the arguments, legal analysis, and authorities set forth in *Creditor Thorn's Motion for Relief from Automatic Stay with Incorporated Memorandum of Law* (doc. 47) as grounds for the relief sought and further states:

1. On February 3, 2025, Jackson Hospital filed this voluntary Petition for Chapter 11 bankruptcy in this Court.

2. On November 3, 2025, Plaintiff Osburn filed a medical-malpractice civil action in the Circuit Court of Montgomery County, Alabama, against Debtor Jackson Hospital. Other named defendants are Lenna Bhasin, M.D., Averie Allen, R.N., and Abbie T. Pierce, R.N. The complaint seeks damages for injuries to Plaintiff Osburn in November 2023. A copy of Plaintiff Osburn' *Complaint* is attached hereto as Exhibit "A".

3. On May 11, 2026, pursuant to 11 U.S.C.A. § 362(a), an automatic stay went into effect precluding Plaintiff Osburn from further prosecution of his state-court action against Jackson Hospital.

4. Plaintiff Osburn requests that this Court modify the automatic stay for the limited purpose of allowing him to establish the amount of his claims against Jackson Hospital in the state-court proceeding, and to seek recovery from Jackson Hospital's liability insurers of any judgment or settlement entered in favor of Plaintiff Osburn in the state-court proceeding. To the extent that any portion of Plaintiff Osburn' judgment or settlement is not covered by or paid as part of the liability insurance proceeds, Plaintiff Osburn will not seek to execute on or collect from Jackson Hospital's assets or bankruptcy estate.

5. This Court's modification of the automatic stay would be consistent with decisions in this jurisdiction and most other jurisdictions in which the stay was lifted in order to allow a plaintiff to pursue a tort claim for which there was available liability-insurance coverage. The Hare Wynn law firm filed a similar motion for relief from stay in this action and it was granted by this Court in Document 173 (03/06/2025).

6. A hearing is not requested, and the presentation of testimony is not anticipated. Therefore, pursuant to Local Rules 4001-1(b) and 5505-4(j), attached hereto as Exhibit "B" is the affidavit of Plaintiff's Osburn's counsel, Michael G. Strickland.

For the foregoing reasons, Plaintiff Osburn respectfully requests that this Court modify the automatic stay to allow him to proceed with his pending state-court action against the debtor, Jackson Hospital, but only to the extent of Jackson Hospital's available liability insurance proceeds.

**RESPECTFULLY** submitted this the 10th day of July, 2026.

/s/ Michael G. Strickland
**MICHAEL G. STRICKLAND**
**ASB-3871-S63M**
Attorney for Creditor-Plaintiff Osburn

**OF COUNSEL:**

Strickland Law Group, LLC
2740 Zelda Road, Suite 400
P.O. Box 99 (36101)
Montgomery, AL 36106
(334) 269-3230
(334) 269-3239 fax
mgs@jurytrial.us

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing using the CM/ECF system on this the 10th day of July, 2026, which will send notification of such filing to all parties receiving electronic notices in this bankruptcy case, including:

Derek F. Meek
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
dmeek@burr.com

*Attorney for Debtor Jackson Hospital*

/s/ Michael G. Strickland
Of Counsel

3

In re:

JACKSON HOSPITAL & CLINIC, INC.                     Case No. 2:2025-bk-30256
                                                    Chapter 11

       Debtor.

_____ /


# EXHIBIT "A"


**COPY OF COMPLAINT IN
OSBURN V. JACKSON HOSPITAL, ET AL., IN THE
CIRCUIT COURT OF MONTGOMERY COUNTY,
ALABAMA, CASE NO. 03-CV-2025-901860**

In re:

JACKSON HOSPITAL & CLINIC, INC.           Case No. 2:2025-bk-30256
                                      Chapter 11

      Debtor.

_____ /

# EXHIBIT "B"

**AFFIDAVIT OF ATTORNEY MICHAEL G. STRICKLAND**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re:

JACKSON HOSPITAL & CLINIC, INC.        Case No. 2:2025-bk-30256

                                 Chapter 11

       Debtor.

_____ /

## **AFFIDAVIT OF ATTORNEY MICHAEL G. STRICKLAND**

STATE OF ALABAMA             )

COUNTY OF MONTGOMERY     )

BEFORE ME, a Notary Public in and for said State and County, personally appeared Michael G. Strickland, who being duly sworn deposes and says under oath as follows:

1.      My name is Michael G. Strickland, and I submit this affidavit in support of "Creditor Osburn's Motion for Relief from Automatic Stay." I am one of the attorneys representing Plaintiff Osburn in *Damen Osburn v. Jackson Hospital & Clinic, Inc., et al.* in the Circuit Court of Montgomery County, Alabama, Case No. CV-2025-901860.

2.      If the Motion is granted, I and the other attorneys for Plaintiff Osburn will follow this Court's order and will prosecute the state-court action only to the extent of insurance proceeds. We will not attempt to collect any portion of any judgment or settlement from Jackson Hospital's assets or its bankruptcy estate.

AFFIANT FURTHER SAITH NOT.

_____
MICHAEL G. STRICKLAND

SWORN TO AND SUBSCRIBED BEFORE ME this 7ᵗᵉ day of July , 2026.

_____
**NOTARY PUBLIC**
My Commission Expires: 4/18/2027

STATE OF
NOTARY
PUBLIC
ALABAMA

ANDREA STANLEY
My Commission Expires
April 18, 2027