**The relief described hereinbelow is SO ORDERED**

**Done this 21st of August, 2026**

**Christopher L. Hawkins**
**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| In re:<br><br>JACKSON HOSPITAL & CLINIC, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 25-30256<br><br>JOINTLY ADMINISTERED |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 WITH: (1) BLUE CROSS AND BLUE SHIELD OF ALABAMA; AND (2) JACKSON INVESTMENT GROUP, LLC**

**THIS MATTER** came before the Court on *Debtors' Emergency Motion for Approval of Settlement Agreements Pursuant to Federal Rule of Bankruptcy Procedure 9019 With: (1) Blue Cross and Blue Shield of Alabama; and (2) Jackson Investment Group, LLC* (the "Motion") (Doc.

1 The Debtors in these cases are Jackson Hospital & Clinic, Inc. and JHC Pharmacy, LLC.

No. 1945).[2] Upon consideration of the Motion, including the Settlement Agreements attached thereto and filed under seal, and pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Court hereby finds and holds as follows:

1. Upon review and consideration of the Settlement Agreements, the Court finds that the terms included therein are fair, reasonable, and in the best interests of the Debtors and their estates;

2. The Settlement Agreements were negotiated at arm's-length, in good faith, and without any appearance of collusion;

3. Entry in, and consummation of, the Settlement Agreements constitutes a sound exercise of the Debtors' business judgment and is reasonable under the circumstances.

4. The Court has considered the four factors set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990) and *Chira v. Saal (In re Chira)*, 567 F.3d 1307, 1312 (11th Cir. 2009), and finds as follows with respect to each:

a. Probability of Success in the Litigation: The Court finds that the probability of success in the BCBSAL Adversaries and the related MDL litigation is uncertain. The MDL Court entered its MDL Enforcement Order resolving the related litigation in favor of BCBSAL and against Jackson Hospital, which is currently on appeal. The Claims involve complex antitrust and contract theories with substantial factual and legal disputes. The Court has weighed the litigation risk to the Debtors' estates in assessing the fairness of the settlement, and this factor favors approval;

2 Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

b. Difficulties of Collection: The Court finds that, even if Jackson Hospital were to prevail on the Claims, collection of any judgment would involve significant difficulty and delay, including multiple potential appeals. BCBSAL has demonstrated its intention to vigorously defend against the Claims at trial and at all available appellate levels. As to JIG, the settlement eliminates the need for any action and permits Jackson Hospital to retain all benefits of the BCBSAL Settlement Agreement. This factor favors approval;

c. Complexity, Expense, Inconvenience, and Delay: The Court finds that continued prosecution of the Claims would require substantial factual discovery, expert witness analysis and reports, and trial testimony from numerous fact and expert witnesses, at significant expense and delay to any recovery by the estate. The Claims involve antitrust theories, breach of contract, avoidance actions, and related complex litigation that would consume considerable estate resources. Resolution of Jackson Hospital's obligations under the Litigation Funding Agreement could give rise to additional complex disputes requiring expert valuation. This factor favors approval; and

d. Paramount Interest of Creditors: The Court finds that the Settlement Agreements are in the paramount interest of the Debtors' creditors. The settlements facilitate the occurrence of the Effective Date under the confirmed Plan, which is a necessary precondition to any distributions to creditors. Without the settlements, the Effective Date would likely not have occurred, placing all creditor distributions in jeopardy. The Court has considered the loss of potential recovery to holders of Class 3 and Class 6 Claims and finds that

this loss is outweighed by the settlement's facilitation of Plan consummation and the Debtors' emergence from Chapter 11. This factor favors approval.

5. The Court finds that the Settlement Agreements do not fall below the lowest point in the range of reasonableness. *See In re Martin*, 490 F.3d 1272, 1275 (11th Cir. 2007). The Court need not conclude that the settlements represent the best possible outcome for the estate, but finds that they fall well within the range of outcomes that a reasonable person could accept given the totality of the circumstances;

6. The Court has reviewed the confidential terms of the BCBSAL Settlement Agreement, filed under seal, and finds that the consideration and other material terms therein are fair and reasonable in light of the risks, complexity, and expense of continued litigation over the Claims;

7. The Court finds that adequate and sufficient notice of the Motion and the hearing thereon was provided in compliance with Bankruptcy Rules 2002, 9006, and 9019, and that all parties in interest were afforded an opportunity to object and be heard. The Court further finds that cause existed to grant the Motion on an expedited basis pursuant to Bankruptcy Rule 9006(c)(1), as the Settlement Agreements are conditioned upon timely Court approval, and failure to obtain such approval could jeopardize the Debtors' ability to achieve the Effective Date under the Plan, to the detriment of the Debtors, their estates, and all creditors; and

8. The Court has considered the effect of the Settlement Agreements on the treatment of Class 3 and Class 6 Claims under the confirmed Plan, and finds that the elimination of the contingent litigation-proceeds distribution is justified because the settlements are a necessary precondition to the occurrence of the Effective Date and the Debtors' emergence from Chapter 11.

Accordingly, it is hereby

**ORDERED, ADJUDGED, and DECREED THAT** the Motion is **GRANTED**. The terms and conditions of the Settlement Agreements are incorporated into this Order as if fully set forth herein; provided, however, that in the event of any conflict between this Order and the terms of the Settlement Agreements (including the BCBSAL Settlement Agreement filed under seal), the terms of the Settlement Agreements shall control.

The Debtors are hereby **AUTHORIZED**, but not directed to, execute, deliver, and fully perform any and all obligations, agreements, documents, or instruments, and take any other actions as are necessary and appropriate to implement and effectuate the Settlement Agreements, and to perform any and all obligations contemplated thereby.

The Debtors are hereby **AUTHORIZED** to file stipulations of dismissal with prejudice in Adversary Proceeding Nos. 25-ap-03025, 26-ap-03007, and 26-ap-03013, and to withdraw with prejudice the MDL Notice of Appeal filed in In re Blue Cross Blue Shield, Anti-Trust Litigation (MDL Dkt. No. 2406), Master File No. 2:13-cv-20000-AMM, in accordance with the terms of the BCBSAL Settlement Agreement.

**IT IS FURTHER ORDERED** that the Settlement Agreements and this Order shall be binding upon and shall inure to the benefit of the parties to the Settlement Agreements and their respective successors, assigns, heirs, executors, legal representatives, administrators, and any trustee appointed or elected in these Chapter 11 Cases, including upon conversion of any of the Chapter 11 Cases to a case under any other Chapter of the Bankruptcy Code.

**IT IS FURTHER ORDERED** that the Debtors shall serve a copy of this Order upon all parties who were served with the Motion. Notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9019, the terms and conditions of this Order are immediately effective and

enforceable upon its entry. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**## END OF ORDER ##**

Prepared by:
Memory Memory & Causby, LLP
Stuart H. Memory
Post Office Box 4054
Montgomery, Alabama 36103
Phone: 334-834-8000
Email: smemory@memorylegal.com